1  William C. Haggerty, Esq., Bar No. 76652
2  *bill@fwhb.com*
   Katherine M. Harwood, Esq., Bar No. 225202
3  *kharwood@fwhb.com*
4  Neil S. Tardiff, Esq., Bar No. 94350
5  *neil@tardifflaw.com*
   FORD, WALKER, HAGGERTY & BEHAR
6  One World Trade Center, Twenty-Seventh Floor
7  Long Beach, California 90831-2700
   (562) 983-2500 *telephone*
8  (562) 590-3597 *facsimile*
9
   Attorneys for Defendant, ASA INTERNATIONAL, LTD; KHAMELEON SOFTWARE,
10 INC.; ASA AUTOMOTIVE SYSTEMS, LLC; ASA PROPERTIES, LLC; 10 SPEEN
11 STREET, LLC; ALFRED C. ANGELONE; CHRISTOPHER CRANE; and TERRENCE
12 MCCARTHY

13            UNITED STATES DISTRICT COURT
14        FOR THE CENTRAL DISTRICT OF CALIFORNIA

15
   NORMAN INDUSTRIAL MATERIALS,  )  Case No. CV13-02197-FMO (PJWx)
16 INC. d/b/a INDUSTRIAL METAL    )
17 SUPPLY CO.,                    )  Case Assigned to
                                  )  District Judge Fernando M. Olguin
18              Plaintiff,        )  Department Room 22, 5th Floor
19                                )
20        Vs.                     )  **STIPULATION AND PROTECTIVE**
                                  )  **ORDER**
21 ASA INTERNATIONAL, LTD;        )
22 KHAMELEON SOFTWARE, INC.; ASA  )
   AUTOMOTIVE SYSTEMS, LLC; ASA   )
23 PROPERTIES, LLC; 10 SPEEN STREET, )
24 LLC; ALFRED C. ANGELONE;       )
   CHRISTOPHER CRANE; and         )  Complaint Filed: March 27, 2013
25 TERRENCE MCCARTHY,             )  Trial Date: September 16, 2014
26                                )
                 Defendants.      )
27 ───────────────────────────────
28

                          1
           **STIPULATION AND PROTECTIVE ORDER**
11396492_2

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and upon joint motion and stipulation of the Parties for this Order protecting confidential material (the "Protective Order"), and good cause appearing hereby for the entry of this Protective Order,

IT IS HEREBY ORDERED that:

1. This Joint Stipulation and Protective Order Re: Confidential Information ("Stipulated Protective Order") governs the handling of all material produced, given, or filed during discovery or other proceedings in this Action, but shall not apply to the trial of this action (at which time the Court will make other orders, as appropriate, concerning this subject). The provisions of this Stipulated Protective Order shall apply to the Parties to this Joint Stipulation, and any other Person producing, receiving, or disclosing Material in this action.

2. As used in this Protective Order:

a. "Action" means the above-captioned action pending in the United States District Court for the Central District of California;

b. "Confidential Material" means Discovery Material designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" in this Action in accordance with the terms of this Protective Order;

c. "Designating Person" means any Person who designates Confidential Material in this Action pursuant to this Protective Order;

d. "Discovering Counsel" means counsel for a Discovering Party in this Action;

e. "Discovering Party" means the Party or Parties to whom Discovery Material is being provided, produced, or made available for inspection by a Producing Person in this Action;

f. "Discovery Material" means any document or tangible thing or part of a document, testimony, or information in any form or medium whatsoever, including, without limitation, any written, printed, or electronic matter provided, produced, or made

## STIPULATION AND PROTECTIVE ORDER

11396492_2

available for inspection in this Action by any Person before or after the date of this Protective Order;

g. "Party" or "Parties" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and their counsel of record (and their support staffs);;

h. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a Party or not;

i. "Producing Person" means any Person who provides, produces, or makes available for inspection any Discovery Material during the course of this Action;

j. "Trade Secrets" shall include any information, including, but not limited to, a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other Persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The term "Trade Secret" shall be given the broadest possible meaning under California law.

3. All Discovery Materials received in this Action by any Discovering Party from any Producing Person shall be used solely for the purpose of the prosecution or defense of this Action and not for any business or other purpose. All Discovery Material designated as Confidential Material in this Action or otherwise deemed confidential pursuant to this Protective Order shall not be disclosed to any Person except as provided herein. The use of information or Discovery Material that was lawfully in the possession of a Person, without any restriction on use or disclosure, prior to being designated Confidential Material, was obtained, without any restriction on use or disclosure, from a third party having the apparent right to disclose such information, or has become public, other than in violation of this Protective Order, shall not be subject to these restrictions.

3

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1    4. A Person may designate as Confidential any Discovery Material which that

2 Person has a good faith belief constitutes: (a) Trade Secrets or other proprietary research,

3 development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), the

4 disclosure of which may have an adverse effect on the commercial, business, or financial

5 position of the Producing Person; or (b) any other sort of confidential information as may

6 be further set forth herein, including but not limited to financial information concerning

7 the Parties, and designated in such manner as described below.

8    5. Confidential Material which a Person in good faith believes would harm its

9 competitive position if it became known to a Party or Person other than the Producing

10 Party (or its agent) and/or which constitutes particularly sensitive proprietary business

11 information and trade secrets may be further marked "HIGHLY CONFIDENTIAL –

12 ATTORNEYS' EYES ONLY."

13    6. Discovery Materials designated "Confidential" pursuant to paragraph 4 or

14 "Highly Confidential – Attorneys' Eyes Only" pursuant to paragraph 5 of this Protective

15 Order are subject to the provisions of this Protective Order, shall be held strictly

16 confidential, and shall be protected, used, handled, and disposed of in accordance with

17 the provisions of this Protective Order.

18    7. When a Producing Person learns that Discovery Material proprietary to or

19 owned by a third party to whom the Producing Person owes a duty of confidentiality is in

20 the Producing Person's possession and is the subject of a discovery request, the

21 Producing Person must notify the third party of the request and must then make any

22 production of third party Discovery Materials. Nothing herein prohibits a third party

23 from seeking from the Court additional protection for Confidential Material.

24    8. A Person may designate Discovery Material as Confidential Material for

25 protection under this Protective Order by one of the following methods:

26    a. By marking any documentary Discovery Material as "Confidential" or "Highly

27 Confidential – Attorneys' Eyes Only" prior to its production. Such Confidential Material

28 shall be marked by the Designating Person with the legend "CONFIDENTIAL" or

4

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and an identifying
2   document control number prefixed with one or more letters identifying the Designating
3   Person.  In cases where Discovery Material to be produced is in a form other than paper,
4   including, without limitation, audiotape, videotape, computer tape, computer card,
5   computer disc, compact disc, microfilm, or microfiche, the Designating Person shall affix
6   to the Discovery Material itself or to its container a stamp or other clear designation with
7   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
8   ONLY;"

9       b. By marking any documents as Confidential Material prior to making such
10   documents available for inspection by the Discovering Party or by identifying such
11   Confidential Material at the time of inspection;

12       c. By stating in writing, prior to the inspection of things or premises, that
13   Confidential Material will be disclosed by the inspection.  Such writing shall specify
14   those parts of things or those areas of the premises in which its Confidential Material will
15   be revealed;

16       d. By stating orally on the record during the course of a deposition upon oral
17   examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45
18   that any portion of the deposition testimony is Confidential and that the indicated portion
19   of the transcript is to be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
20   – ATTORNEYS' EYES ONLY," as the case may be.  Notwithstanding the foregoing, the
21   entire transcript of such a deposition shall be deemed Highly Confidential – Attorneys'
22   Eyes Only for three (3) days after delivery of the transcript to the witness or counsel for
23   the witness, whether or not portions of the transcript have previously been designated
24   Confidential.  Upon the expiration of the foregoing period, testimony shall be deemed
25   Confidential Material only if the Discovery Material is or has been designated as
26   Confidential Material and the Designating Person specifies in writing those portions of
27   the testimony containing Confidential Material;
28

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

e. By identifying with specificity in writing to the Discovering Party any Discovery Material that has been previously produced, made available for inspection, or transcribed and that was not designated as Confidential prior to its having been made available or produced (in the case of documents) or to its having been transcribed (in the case of depositions). For purposes of this method of designation, it will be sufficiently specific identification to refer to the bates numbers or deposition page numbers of the Discovery Material. Upon such writing, the Discovering Party shall treat the information as Confidential Material. If, prior to receiving such notice, the Discovering Party has disseminated the Confidential Material to Persons not authorized to receive it pursuant to this Protective Order, the Discovering Party's only responsibility or obligation with respect to the Confidential Material disclosed shall be to (1) notify the Persons to whom the Confidential Material was disclosed of the confidentiality designation, in writing and with a copy to the Producing Person, (2) include in the same writing a request for return of the Confidential Information, and (3) immediately notify the Designating Person of the dissemination including the name and address of the individual to whom the Confidential Material was disseminated and the date of such dissemination.

9. A Person may designate any summary, digest, analysis, or comment on any information identified in Paragraphs (a) through (e) of paragraph 8 as Confidential Material.

10. The Parties may agree in writing to modify the foregoing designation procedures where compliance with them proves impracticable or unduly burdensome.

11. All Confidential Material shall be kept secure by the Discovering Party and access to Confidential Material shall be limited to Parties and Persons authorized pursuant to this Protective Order.

12. Except with the prior written consent of the Designating Person, Discovery Material designated as Confidential Material, or any document or correspondence that repeats, copies, quotes, or directly discusses such information, other than material designated as "Highly Confidential – Attorneys' Eyes Only," may be disclosed only to:

6

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

a. the Court where, in accordance with Local Rule 79-5.1, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Confidential Material under seal; the application shall be directed to the judge to whom the papers are directed; for motions, the Parties shall publicly file a redacted version of the motion and supporting papers;

b. the Parties' respective outside counsel of record (including support staff as reasonably necessary);

c. an individual Party, officers, or employees charged with the responsibility for making business decisions dealing directly with this Action or who are assisting outside counsel in preparation for proceedings in this Action, provided that any such individuals have read this Protective Order and signed a Declaration of Compliance in the form attached as Exhibit A;

d. outside experts and outside consultants who are not regular employees of a Party and who are retained by a Party or its counsel, such as independent experts, accountants, statisticians, economists, and other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with this Action, provided that before access is given, the consultant or expert has have read this Protective Order and signed a Declaration of Compliance in the form attached as Exhibit A;

e. a deponent or witness at a trial or hearing who authored, received, or saw a document or thing designated "Confidential" or who is otherwise familiar with such information;

f. representatives of the Parties' respective insurers, including their counsel, who have agreed to provide coverage with respect to the defense of claims in this Action provided that any such individuals have read this Protective Order and signed a Declaration of Compliance in the form attached as Exhibit A;

g. paralegals, stenographic, videographic, clerical employees, litigation support vendors, and translators associated with the individuals enumerated in (a) - (g) above, but

7

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1  only as part of a disclosure to said individuals in accordance with this Protective Order;
2  and,

3      h. such other individuals as the Designating Person may authorize in writing.

4      13. Confidential Material designated as "HIGHLY CONFIDENTIAL –
5  ATTORNEYS' EYES ONLY" produced pursuant to this Order may be disclosed or
6  made available only as provided in this paragraph. Such "Highly Confidential –
7  Attorneys' Eyes Only" material, or any document or correspondence that repeats, copies,
8  quotes, or directly discusses such information, may be disclosed only to:

9      a. the Court where, in accordance with Local Rule 79-5.1, the proposed filing shall
10  be accompanied by an application to file the papers or the portion thereof containing the
11  Confidential Material under seal; the application shall be directed to the judge to whom
12  the papers are directed; for motions, the Parties shall publicly file a redacted version of
13  the motion and supporting papers;

14      b. the Parties' respective outside counsel of record (including support staff as
15  reasonably necessary);

16      c. outside experts and outside consultants who are not regular employees of a Party
17  and who are retained by a Party or its counsel, such as independent experts, accountants,
18  statisticians, economists, and other consultants, whose advice and consultation are being
19  or will be used by such Party or its counsel in connection with this Action, provided that
20  before access is given, the consultant or expert has have read this Protective Order and
21  signed a Declaration of Compliance in the form attached as Exhibit A;

22      d. a deponent or trial witness who authored, received, or saw a document or thing
23  designated "Highly Confidential – Attorneys' Eyes Only" or who is otherwise familiar
24  with such information;

25      e. paralegals, stenographic, videographic, clerical, employees, litigation support
26  vendors, and translators associated with the individuals enumerated in (a) – (d) above, but
27  only as part of a disclosure to said individuals in accordance with this Protective Order;
28

8

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1    f. such other individuals as the Designating Party or Designated Person may

2    authorize in writing.

3    14. No one may attend the confidential portions of a deposition, or review

4    confidential portions of a deposition transcript other than those persons identified in

5    paragraph 12 and 13, as applicable, and counsel for the deponent (after counsel has read

6    this Protective Order and signed the Declaration of Compliance).

7    15. Before the Discovering Party may disclose Confidential Material to any Person

8    described in subparagraphs 12(c), 12(d), 12(e), 13(c), 13(d), or 13(e), the Person to whom

9    disclosure is to be made shall read a copy of this Protective Order, and shall evidence his

10   or her agreement to be bound by its terms, conditions, and restrictions by signing a copy

11   of the Declaration in the form attached as Exhibit A hereto; provided, however, that if an

12   expert or consultant is to be shown Confidential Material for the first time at deposition,

13   at trial or at a hearing, the requirements of this paragraph will be satisfied if the expert or

14   a consultant first declares under oath and on the record that he or she has received a copy

15   of the Protective Order and agrees to be bound by its provisions.

16   16. Counsel for the Party who disclosed Confidential Material to any Party or

17   Person and in connection therewith obtained a Declaration as required by this Protective

18   Order shall maintain a file of such Declarations.

19   17. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court

20   contain information and/or documents that have been designated as "Confidential" or

21   "Highly Confidential," the proposed filing shall be accompanied by an application to file

22   the papers or the portion thereof containing the Confidential Material under seal; and the

23   application shall be directed to the judge to whom the papers are directed.  For motions,

24   the Parties shall publicly file a redacted version of the motion and supporting papers.

25   a. Should the need arise during any hearing, trial, or appeal in this Action for any

26   Party to cause Confidential Material to be disclosed, it may do so only after appropriate

27   in camera inspection or other safeguards are requested of the Court or are otherwise

28   ordered by the Court.  In the event that any Confidential Material is used in any

9

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1   proceeding in this Action, the Confidential Material shall not lose its status through such
2   use. Four weeks prior to trial, the parties shall designate a representative from each Party
3   who can have access to Confidential Material to be used as trial testimony and exhibits.
4   The Parties shall have three (3) business days after receipt of the designation to object
5   and notify the other Parties in writing that they object to disclosure of Confidential
6   Material to the designated representative.  In the event of such objection, the Parties agree
7   to confer immediately in good faith to resolve the dispute prior to any disclosure of the
8   Confidential Material.  If the Parties cannot resolve the dispute, the Party objecting to the
9   disclosure of the Confidential Material may apply for relief from the Court pursuant to
10  the Local Rules of the Central District of California concerning discovery disputes, and
11  no disclosure shall be made to the expert or consultant unless and until the Court so
12  orders;

13      18. The foregoing notwithstanding, nothing in this Order shall prevent a
14  Discovering Party from challenging any confidentiality designation made pursuant to this
15  Protective Order.  The following procedures shall govern any such challenges:

16      a. If a Discovering Party reasonably believes that information should not be
17  designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," it must
18  specify to the Designating Person in writing (i) the information at issue and (ii) the
19  grounds for questioning the designation.  The Designating Person must respond in
20  writing within ten (10) business days, or within such additional time agreed to by counsel
21  or as ordered by the Court.  In the event the Designating Person intends to maintain its
22  confidentiality designation, then its response must comply with the pre-filing conference
23  requirements of L.R. 37-1.  In the event the Designating Person fails to send a response,
24  then the information subject to challenge shall no longer be treated as Confidential
25  Material.

26      b. If agreement cannot be reached, the Discovering Party may make a motion or
27  other appropriate application to the Court to challenge maintain the confidentiality
28  designation.  Any such motion must be filed within ten (10) business days after the

10

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1   Designating Party sends its written response, as required in the preceding paragraph,
2   unless the parties agree to a different schedule and shall comply with L.R. 37-2, including
3   the Joint Stipulation required by L.R. 37-2.1, and the Parties shall then adhere to the
4   schedule in L.R. 37-2.3 to file Supplemental Memoranda.  A Party shall not be obligated
5   to challenge the propriety of a designation of "Confidential" or "Highly Confidential –
6   Attorneys' Eyes Only" at the time the designation is made, and failure to do so shall not
7   preclude subsequent challenge.  Until the Court rules, the confidentiality designation
8   shall remain in effect.  In any Motion, the Designating Party shall have the burden of
9   proof to justify its confidentiality designation.  This Protective Order is without prejudice
10  to the right of any Designating Person to move this Court for an Order further restricting
11  disclosure or use of any Confidential Material.

12       19. Within sixty (60) days of the final termination of this Action, all Confidential
13  Material, including all copies thereof, any summaries of Confidential Material, and any
14  document generated through the use of or containing references to Confidential Material
15  (including but not limited to expert reports, drafts, spreadsheets, and e-mail) shall be
16  destroyed or returned to the Producing Party, at the option of the Producing Party.  The
17  Party destroying or returning the Confidential Material shall provide (within the same 60
18  day period) written certification, signed under oath, to the Producing Party confirming
19  that all Confidential Material required to be returned or destroyed under this paragraph
20  have been so returned or destroyed.  Within 28 days after the filing of the certification,
21  the Producing Party shall have the right to conduct an audit of the Persons providing the
22  certification to confirm that all vestiges of Confidential Materials have been destroyed or
23  returned.  Notwithstanding the foregoing, the Parties' respective outside counsel may
24  retain one copy of any pleadings, written discovery responses, briefs, transcripts,
25  declarations, correspondence, and other materials containing Confidential Material, as
26  well as their work product and any privileged communications related to Confidential
27  Material, as may be necessary in their judgment to comply with ethical requirements
28  and/or insurer requirements.

11

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

20. Nothing in this Protective Order shall preclude any Party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated as Confidential Material in this Action or was obtained from a third party having the apparent right to disclose such information.

21. Nothing in this Protective Order shall require production of information which a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, right or immunity. If information subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, doctrine, right, or immunity. Any Producing Person that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity, may obtain the return of those materials by promptly notifying the Discovering Party or other recipient(s) and providing a privilege log for the inadvertently produced materials. The Discovering Party or other recipient(s) shall then gather and return all copies of the privileged material to the Producing Person.

22. Inadvertent or unintentional production by a Producing Person of Discovery Material containing confidential information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to inadvertently produced Confidential and/or "Highly Confidential – Attorneys' Eyes Only" Material, the Producing Person shall notify the other parties of the inadvertent or unintentional production in writing and provide replacement pages bearing the appropriate confidentiality legend.

23. In the event of any unintentional or inadvertent disclosure by a Discovering Party of Confidential Material other than in a manner authorized by this Protective Order, counsel for the Discovering Party shall immediately notify counsel for the Producing Person of the unintentional or inadvertent disclosure, and all of the pertinent facts

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1 surrounding the disclosure, and shall make every effort to prevent further unauthorized
2 disclosure including, but not limited to, retrieving all copies of the unintentionally or
3 inadvertently disclosed Confidential Material from the recipient(s) thereof, and securing
4 the agreement of the recipients not to further disseminate the Confidential Material in any
5 form. Compliance with the foregoing shall not prevent the Producing Person from
6 seeking further relief from the Court.

7      24. The Discovering Party shall maintain Confidential Material in a secure and safe
8 place, and shall exercise at least the same degree of care in handling the Confidential
9 Material as is exercised by the recipient with respect to its own confidential information
10 of a similar nature, but in no event less than reasonable care. Each recipient of any
11 Confidential Material produced in this Action hereby agrees to be subject to the
12 jurisdiction of this Court solely for the purposes of the implementation and enforcement
13 of this Protective Order.

14      25. Nothing herein shall bar or otherwise restrict an attorney who is a qualified
15 recipient of Confidential Material under this Protective Order from rendering advice to
16 his or her client with respect to this Action and, in the course thereof, from generally
17 relying upon his or her examination of Confidential Material.

18      26. The Court will retain jurisdiction, following termination of this Action, to
19 enforce the terms of this Protective Order. Any litigation with respect to this Protective
20 Order shall be conducted pursuant to the Federal Rules of Civil Procedure and the Local
21 Rules for the United States District Court for the Central District of California. This
22 Order is subject to modification by the Court.

23      27. This Order shall be binding upon the Parties and their attorneys, successors,
24 executors, personal representatives, administrators, heirs, legal representatives, assigns,
25 subsidiaries, divisions, employees, agents, independent contractors, or other persons or
26 organizations over which they have control.

27      28. Before trial of this Action or any hearing involving Confidential Materials or
28 information derived therefrom, the Parties, through counsel, shall confer in an attempt to

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

1   agree on an appropriate form of order to submit to the Court regarding the Confidential

2   status, if any, to be afforded documents, testimony or other information to be disclosed

3   during the course of the trial or hearing. Nothing in this Protective Order shall be

4   construed to affect in any way the admissibility of any documents, testimony or other

5   evidence at trial, nor constitute a waiver of any objection thereto.

6        29. If at any time any Confidential Material protected by this Protective Order is

7   subpoenaed from the Discovering Party by any Court, administrative or legislative body,

8   or is requested by any other Person purporting to have authority to require the production

9   of such Material, the Party to whom the subpoena or other request is directed shall

10   promptly give written notice thereof to the Producing Party with respect to Confidential

11   Material sought. Where possible, the Party to whom the subpoena or other request is

12   directed shall permit the Producing Party five (145) business days to object or intervene.

13   However, nothing in this Order shall be construed as authorizing a party to disobey a

14   lawful subpoena issued in another action.

15   ///

16   ///

17   Dated: 11/5/13

18                 FORD, WALKER, HAGGERTY & BEHAR

19

20

21                BY: _____

22                    WILLIAM C. HAGGERTY

                      KATHERINE M. HARWOOD

23                       Attorneys for Defendants,

24                       ASA INTERNATIONAL, LTD;

                      KHAMELEON SOFTWARE, INC.; ASA

25                       AUTOMOTIVE SYSTEMS, LLC; ASA

                      PROPERTIES, LLC; 10 SPEEN STREET,

26                       LLC; ALFRED C. ANGELONE;

27                       CHRISTOPHER CRANE; and TERRENCE

28                       MCCARTHY

14

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

Dated: 11/4/13

DILWORTH PAXSON LLP

BY: _____
    Joshua D. Wolson, Esq.
    Attorneys for Plaintiff NORMAN
    INDUSTRIAL MATERIALS, INC. d/b/a
    INDUSTRIAL METAL SUPPLY CO

JONES & LESTER
JAMES G. JONES

Attorneys for Plaintiff NORMAN INDUSTRIAL
MATERIALS, INC. d/b/a INDUSTRIAL METAL
SUPPLY CO

SO ORDERED this 14th day of November, 2013:

_Patrick J. Walsh, magistrate_
F̶e̶r̶n̶a̶n̶d̶o̶ ̶M̶.̶ ̶O̶l̶g̶u̶i̶n̶, United States D̶i̶s̶t̶r̶i̶c̶t̶ Judge
United States District Court, Central District California

---

15

**STIPULATION AND PROTECTIVE ORDER**

11396492_2

**Attachment A**

**DECLARATION OF COMPLIANCE**

I, _____, being duly sworn, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

I have received a copy of the Protective Order in this action, a copy of which is attached hereto.

I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any Confidential Information which is disclosed to me.

Promptly upon termination of this action, I will return all Confidential Information that came into my possession and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the foregoing is true and correct.


_____
(Signature)


16

**STIPULATION AND PROTECTIVE ORDER**

11396492_2